## Overseers of the Poor of Elk Township, Plffs. in Err., *v.* Overseers of the Poor of Beaver Township.

Where no point either of law or evidence was put to the court and the only exception is to the opinion, the court on appeal is powerless to review.

(Argued October 6, 1886.  Decided November 1, 1886.)

October Term, 1886, No. 88, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Error to the Quarter Sessions of Clarion County to review a judgment in favor of defendants, discharging an order of two justices removing a pauper from Elk Township.  Affirmed.

Proceeding for the removal of a pauper.

The court below, CORBETT, P. J., ruled as follows:
"It is therefore ordered, adjudged, and decreed, that the order of removal in this case be reversed, discharged, and vacated,

NOTE.—See Parker Twp.'s Appeal, 1 Sad. Rep. 160.

and the costs be paid by the plaintiffs, overseers of the poor of Elk township."

The bill of exceptions was as follows:

"To which order and decree, and to which ruling as a matter of law, that on the facts herein above stated, the contract relation between the witness, Delo, and the pauper, Rose, was not that of lessor and lessee of real estate of the yearly value of $10, on which the pauper dwelt one whole year, the plaintiffs by counsel did there and then except and at their request a bill of exceptions is sealed."

The assignments of error were as follows:

1. The court erred in its ruling contained in its opinion filed, as follows:

"It appears that the pauper, Rose, in 1878, made a contract with the witness, Delo, for the right to enter and dig coal from a coal bank then opened on the land of witness, situate in the said township of Beaver. The right thus to dig and mine coal was to continue as long as said Rose kept the bank in good repair, and he was to pay for said coal a certain royalty or price per bushel. After Rose had entered and commenced mining and digging coal, on his application to Delo he was granted a privilege or license to erect a shanty at the mouth of the mine, in which he lived during his operation of the coal bank, which continued for some three years. He paid no rent or consideration for said privilege or license to keep and maintain such shanty. For the two years after the making of the contract he paid for the coal mined a sum exceeding $15 per year.

"Under these facts as above stated the only question to be determined by the court is whether the contract relation between the witness, Delo, and the pauper, Rose, was that of lessor and lessee of real estate of the yearly value of $10, upon which the pauper dwelt one whole year. That it was not seems to be clear from the terms of the contract."

2. The court erred in ordering that the order of removal in this case be reversed, discharged, and vacated.

*B. J.* and *A. B. Reid* for plaintiff in error.

*Maffett* and *Ross,* for defendants in error.—Whether the court below was right or wrong in its opinion and decision un-

der the evidence, we think this judgment must be affirmed. This is a writ of error under the act of March 16, 1868 (P. L. 46, Purdon's Digest, 704). That act authorizes either party to "except to any decision of the court upon any point of evidence or of law, which exception shall be noted by the court and filed of record."

The plaintiffs did not except to any point of evidence or of law within the meaning of that act. The only exception taken by the plaintiffs was to the order and decree of the court on the facts stated by the court in its opinion, and this is not assigned as error.

The supreme court is here asked to review the judgment below on the merits; this cannot be done, as is ruled in Lower Augusta v. Selinsgrove, 64 Pa. 166, Affirmed in Poor District v. Poor District, 107 Pa. 301..

A general exception to the opinion of the court is not an exception to a point of law or evidence. Lower Augusta v. Selinsgrove, 64 Pa. 166.

There is good reason for holding as ruled in the case just cited that "a point of law is a question of law applicable to the facts as they may be found by the court which the party may propose in the shape of a written point, and require an answer;" for if the exception be taken to the decision of the court upon the facts stated in the general opinion of the court, the court of review cannot say whether the court was right or wrong in its decision, on the actual facts, as they may be incorrectly stated or found by the court in its opinion.

OPINION BY MR. JUSTICE TRUNKEY:

As this case comes we are powerless to review it. The statute provides that upon the hearing either party may except to any decision of the court upon any point of evidence or of law, which exception shall be noted and filed as in civil cases; and a writ of error may be taken to the judgment with like effect as in civil cases. It does not provide that an exception may be taken to the opinion discussing the merits of the case, in which facts are stated and principles of law applied.

The regularity of the proceedings may be examined, and decisions of the court on such points of evidence and of law as have been excepted to may be reviewed. A general exception to the opinion is not an exception to any point of evidence or of law. Lower Augusta v. Selinsgrove, 64 Pa. 166.

Writs of error are authorized only where there is exception to a decision on a point. Exceptions filed some time after judgment and involving the whole case on the merits will not confer jurisdiction. Parker Twp. v. East Franklin Twp. 13 W. N. C. 141.

In this state a statute provides that in civil cases where the charge to the jury has been written and filed the instructions therein may be reviewed. But nothing analogous to that is in the act of March 16, 1868. Without the aid of that statute, were no point of law put to the court, and no decision on the admission or rejection of testimony excepted to, there would be no ground for review of the rulings of the court upon the trial; and if the record showed that the court had jurisdiction and the proceedings were regular, there could be no reversal. And if points were put and decisions made respecting evidence, during the conduct of the trial, if they were unexcepted to at the time, it would be too late after the judgment had been rendered.

Here no point either of law or evidence was put to the court. The exception to the opinion has as little effect as would exception to a charge to the jury in a civil cause, prior to the statute which provides that the charge may be filed and made part of the record. As well might a party except to statements of fact or of law in an opinion setting forth the reasons of the court for granting or refusing a new trial, as to the opinion setting forth the reasons for the judgment in a case like the present.

Judgment affirmed.