## COUNTY OF CAMBRIA v. TOWNSHIP OF MADISON.

APPEAL BY PLAINTIFF FROM THE COURT OF QUARTER SESSIONS OF CAMBRIA COUNTY.

Argued October 13, 1890—Decided November 3, 1890.

A general exception to the decree of the court below, entered on an appeal from an order for the removal of a poor person, will not authorize the Supreme Court to review the case upon its merits. The power to review, in such cases, is confined to the questions raised upon exceptions sealed in the court below to its decisions upon points " of evidence or of law " presented: Act of March 16, 1868, P. L. 46.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 103 October Term 1890, Sup. Ct.; court below, No. ½ September Term 1889, Q. S.

On September 2, 1889, upon the petition of the overseers of the poor of the poor district of Madison township, Clarion county, an appeal was allowed from an order of removal by two justices, dated July 26, 1889, of William Randolph and others, poor persons, from the poor district of Cambria county to the poor district of said township.

The case was heard on February 17, 1890, upon depositions and exhibits read, and upon points " of law and of evidence " presented by the poor district of Cambria county. In the depositions read, objections were noted by the examiners to the admission or rejection of offers, but, so far as shown by the paper-books, no exceptions were sealed by the court, to any rulings either upon the evidence admitted or rejected, or upon

Opinion of the Court.

the points presented. Indeed, the "points of law and evidence" were not specifically answered at all; but on May 3, 1890, without opinion filed, a decree was entered, JOHNSTON, P. J., sustaining the appeal, quashing the order of removal, and adjudging that the poor district of Cambria county receive, support and maintain the said poor persons, and pay to the overseers of the poor of Madison township such costs, charges and amounts expended for their relief as might be reasonable, the amount to be thereafter fixed by the court on demand made; exception.

Thereupon the poor district of Cambria county took this appeal, filing various assignments of error to the admission or refusal of offers of evidence and to the said decree.

*Mr. John P. Linton* (with him *Mr. Donald E. Dutton*), for the appellant.

*Mr. Frank R. Hindman* (with him *Mr. A. V. Barker*), for the appellees.

PER CURIAM:

This was an appeal from the court below discharging the order of removal removing William Randolph, Thomas Randolph, and Susan Randolph, poor persons, from the poor district of Cambria county to the poor district of Madison township, Clarion county. The assignments of error are numerous, the testimony voluminous, and the appellant's paper-book formidable as regards size; yet there appears to have been but a single exception taken in the court below, and that was to the order or decree of the court. If there is anything settled in this state, in regard to this class of cases, it is that we cannot review them upon the merits; that we can review such cases only upon such points of evidence or of law as have been excepted to; and that a general exception to the opinion of the court is not an exception to a point of law or evidence: Lower Augusta v. Selinsgrove, 64 Pa. 166; Moreland Tp. v. Davidson Tp., 71 Pa. 371. Other cases to the same point might be cited, but it would be a waste of time. If the appellant desired to have its case reviewed here, the court below should have been called upon to answer specifically the points sub-

mitted. An unsatisfactory answer, or a refusal to answer
them, would have been equally the ground of exception. We
cannot blame the learned judge below for not doing what he
apparently was not asked to do. As presented, the appellant
has no case, and the decision of the court below must stand.

Affirmed.