# KITTANNING TP. v. MADISON TP.

APPEAL BY KITTANNING TP. FROM THE COURT OF QUARTER SESSIONS OF ARMSTRONG COUNTY.

Argued October 14, 1891—Decided January 4, 1892.

Where, on an appeal from an order of the Court of Quarter Sessions quashing an order for the removal of a pauper, the exceptions sealed do not relate to a decision on a point of evidence, and the facts as found rendered the points of law presented inapplicable, there is nothing on the record for the Supreme Court to review.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 286 October Term 1891, Sup. Ct.; court below, No. 89 March Term 1888, Q. S.

On March 15, 1888, the overseers of the poor of Madison township entered an appeal from an order of two justices of the peace, for the removal of George Beck, an alleged pauper, from Kittanning township to Madison township.

At the hearing, on May 9, 1890, depositions were read upon the question whether or not the said George Beck had gained a settlement in Madison township, by a contract of hiring and service for one year: See § 9, v., act of June 13, 1886, P. L. 542. After argument, the court, RAYBURN, P. J., filed an opinion sustaining the appeal, and answering certain points presented by the overseers of Kittanning township as follows:

1. That there was a contract between George Beck and Jonathan Reedy.

Answer: This proposition is refused. The fact is found, in the opinion of the court, that there was no contract.[1]

2. That George Beck was hired by said Jonathan Reedy, and that he served him for one whole year and more, and received wages therefor; that said wages were paid in money, in victuals and in clothing.

Answer: Refused.[2]

4. That if said George Beck, the pauper, was hired by said Jonathan Reedy, and there was a service of one year, and wages, either in money, victuals, or clothing, received for said services, a settlement was gained in the said township of Madison by said George Beck, and he is properly chargeable thereto.

Answer: Having found the facts as set forth in this proposition to be the very opposite of what is here stated, this proposition is refused.[3]

7. That the contract between George Beck and Jonathan Reedy was one that could have been enforced by the said George Beck, even if the said George Beck were a lunatic, upon the ground that the law in reference to contracts of lunatics, minors, etc., is for the protection and benefit of said lunatic, etc., and can only be taken advantage of by said lunatic, or

Statement of Facts.

some one in his behalf, and not by the person with whom he contracts, nor by a poor district seeking to escape liability for maintenance of a pauper who has gained a settlement therein.

Answer : Refused.[4]

8. That persons of unsound mind may make contracts for their own benefit ; and when they have made such contracts, and performed their part, they have been enforced and may be enforced.

Answer: The facts in this case have been found to be such that the law in this point is inapplicable.   This point is refused.[5]

9. That, where there is a contract, a hiring, that can be enforced by law or equity, or an action could be maintained for breach of said contract, and it is not wanting in any of the other requisites to give a settlement, the rule of law is that a settlement is thereby gained.

Answer : Refused, for the reason stated in our answer to the foregoing point.[6]

10. That George Beck having supported himself for quite a number of years prior to the date of this order of relief, is evidence that he was not wanting in capacity to take care of himself, that the law requires.

Answer : Refused.[7]

—An order having been entered quashing the order of removal, a bill of exceptions was sealed " to the opinion and the refusal of points, so far as refused or qualified." *   Thereupon the overseers of Kittanning township took this appeal, assigning for error:

1–7. The answers to the points presented.[1 to 7]

*Mr. J. W. King*, for the appellant.

---

* Observe : Exceptions are limited, in such proceedings, " to any decision of the court upon any point of evidence or of law : " § 1, act of March 16, 1868, P. L. 46.   " A point of evidence cannot, by any latitude of construction, be considered to mean whether the entire testimony makes out the case or proves the facts.   It means, evidently, whether a witness offered is competent, or whether evidence offered is competent or relevant as tending to prove any fact material to the issue.   A point of law is a question of law applicable to the facts as they may be found by the court,which the party may propose in the shape of a written point, and require an answer : " Mr. Justice SHARSWOOD, in Lower Augusta v. Selinsgrove, 64 Pa. 166.   See Cambria Co. v. Madison Tp., 138 Pa. 109.

*Mr. W. D. Patton*, for the appellee.

PER CURIAM:

There is nothing in this case for us to review.

Proceedings affirmed.