## Overseers of the Poor of Spring Township *v.* Overseers of the Poor of Walker Township, Appellants.

*Evidence—Credibility of witness—Weight of testimony—Review by appellate court.*

The act of assembly of March 16, 1868, P. L. 46, which confines exceptions in poor law cases to any decisions of the court of quarter sessions upon any point of evidence or law does not contemplate the revision of the rulings of the trial judge as to the credibility of a witness and the weight of the testimony.

Where the evidence offered was competent and sufficient if believed to sustain the findings of fact, made by the court below, the appellate court will not review such findings.

*Point of law—Point of evidence—Words and phrases—Act of March 16, 1868.*

Under the act of March 16, 1868, P. L. 46, " a point of evidence " means whether the witness offered is competent or his testimony relevant as tending to prove any fact material to the issue.

" A point of law " is a question of law applicable to the facts, as they may be found by the court, which a party may propose in the shape of a written point, and require an answer.

*Poor law—Settlement acquired by leasing.*

To acquire a settlement by leasing under clause III. sec. 9, act of June 13, 1836, P. L. 539, the lease need not be in writing and the rent need not be paid in money; it may be paid in the equivalent of money, labor or other services.

Argued Feb. 20, 1896. Appeal, No. 7, Feb. T., 1896, from decree of Q. S. Centre Co., Jan. 14, 1896, affirming order

of removal taken out by the overseers of Spring township. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by the overseers of the poor of Walker township from the order of removal taken out by the overseers of the poor of Spring township, removing Jacob Hazel, a pauper, to Walker township.

The court below found as facts that Jacob Hazel with his family moved into a house in Walker township in the spring of 1889 and lived in said house practically about two years and a half continuously. That the premises occupied were of a yearly value of over $10.00. That the said Hazel paid something over $15.00 for the rent for the first year partly in cash and partly in repairs and services.

Isaac Frain testified as to conversations had by him with Hazel touching payment of rent, also as to his receipts and book entries—the receipts and book having been burnt up. The court rejected from consideration the evidence as to the conversations, but refused to strike out the other testimony.

The court thereupon found the following conclusion of law :

Having found as a fact that Jacob Hazel took possession of the premises of Lewis Zimmerman in the spring of 1889, and that said premises were of a yearly value of over $10.00 and that Jacob Hazel occupied the same continuously for over one year, that he was to pay therefor $15.00 rent for the first year, and that he paid over $10.00 rent in cash, repairs and services in making the repairs, then, under the law, as clearly held, he acquired a settlement in Walker township thereby, and the order of removal should be affirmed. [7]

*Errors assigned* were, (1–6) error in not finding facts as requested by defendant; (7) error in the conclusion of law, reciting same ; (8) rejecting the evidence of one Isaac Frain ; (9–10) in affirming and not reversing the order of removal taken out by the order of the overseers of Spring township.

*David S. Fortney*, for appellants.—To acquire a settlement by leasing, under the act of 1836, P. L. 539, in a given township a person must do four things : (1) Must take a lease of the premises within the township. (2) Which premises must be

of the yearly value of $10.00.   (3) He must dwell on said premises for one whole year, and (4) he must pay the rent on the same: Poor Dist. of Beaver v. Poor Dist. of Rose, 98 Pa. 636.

The objection to Frain's testimony should have been sustained; no rule is clearer than that the declarations of a party in his own behalf are not evidence: Clever v. Hilberry, 116 Pa. 431; Gordon v. Bowers, 16 Pa. 226.

*Clement Dale, J. W. Alexander* with him, for appellees.—On the question of settlement: Overseers of Beaver v. Overseers of Hartley, 11 Pa. 254.   Frain's testimony was admissible under the ruling in Hester v. Commonwealth, 85 Pa. 139; Zell v. Commonwealth, 94 Pa. 258.

PER CURIAM, March 19, 1896:

To reverse this decree we must declare that the learned judge below erred in deciding as he did as to the credibility of the witnesses, and the weight of the testimony.   But the act which authorized a writ of error, and which regulates our jurisdiction on appeal, does not contemplate a review of the conclusions of the court as to these matters.   Exceptions are confined to "any decisions of the court upon any point of evidence or of law."   Act of March 16, 1868, P. L. 46.   "A point of evidence cannot, by any latitude of construction, be considered to mean whether the entire testimony makes out a case or proves the facts.   It means, evidently, whether a witness offered is competent, or whether evidence offered is competent or relevant as tending to prove any fact material to the issue.   A point of law is a question of law applicable to the facts as they may be found by the court, which the party may propose in the shape of a written point and require an answer:" Lower Augusta v. Selinsgrove, 64 Pa. 166.   This construction has been uniformly followed in like cases: Wayne Township v. Jersey Shore, 81* Pa. 264; Laporte v. Hillsgrove, 95 Pa. 269; Warsaw v. Knox, 107 Pa. 301; Montoursville v. Fairfield, 112 Pa. 99; Overseers of Taylor v. Shenango, 114 Pa. 394; Cambria v. Madison, 138 Pa. 109; Kittanning v. Madison, 146 Pa. 108.   We have carefully examined the depositions and are of opinion that there was competent and sufficient evidence, if believed, to sustain the findings of fact; and this

is all that is necessary to be said concerning the first six assignments of error.

These findings of fact clearly warranted the conclusion of law, which is the subject of the seventh assignment of error, and the decree entered pursuant thereto. To acquire a settlement by leasing under clause III. sect. 9 of the act of June 13, 1836, P. L. 539, the lease need not be in writing and the rent need not be paid in money; it may be paid in the equivalent of money, labor or other services: Beaver v. Hartley, 11 Pa. 254; Laporte v. Hillsgrove, 95 Pa. 269.

The reasons assigned by the learned judge below amply justify his refusal to strike out the testimony of Isaac Frain as to the receipt for rent and the entries in Hazel's book, both of which had been destroyed by fire. It is not clear that the testimony as to the declarations of Hazel was not competent upon the principle recognized in Hester v. Commonwealth, 85 Pa. 139; Zell v. Commonwealth, 94 Pa. 258; but as this testimony was not taken into consideration by the court, it is unnecessary to discuss or decide the question.

The assignments of error are overruled, and the proceedings and decree are affirmed.