# Overseers of the Poor of Elderton Borough *v.* Overseers of the Poor of Plumcreek Township, Appellants.

*Appeals—Removal of paupers—Jurisdiction, Superior Ct.*

In appeals from the decree of quarter sessions touching an order of removal of paupers, nothing but the record and that which has been included in it can be considered by the appellate court.

*Practice, C. P.—Poor law—Exceptions—Record.*

Under the act of March 16, 1868, P. L. 46, a writ of error is allowed to the decision of the court of quarter sessions on points of evidence and law which have been specifically excepted to and brought upon the record as directed. Evidence and rulings of the court not thus made a matter of record remain with the opinion, beyond the reach of the appellate court.

In the case at bar the opinion concludes with the decree of court which is followed by an exception in these words: "Eo die exception to appellants and bill sealed." This is the only exception and whether it is aimed at the points or the opinion or the decree is nowhere stated, but whether at one or all it is equally unavailing to bring upon the record any of the matters assigned for error.

Argued May 12, 1896. Appeal, No. 35, May T., 1896, by Overseers of the Poor of Plumcreek Twp., from decree of Q. S. of Armstrong Co., June Sessions, 1895, No. 2, dismissing appeal from the order of removal of paupers from the borough of Elderton to the township of Plumcreek. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal from order of removal of paupers from borough of Elderton to township of Plumcreek. Before RAYBURN, P. J. Appeal dismissed.

At the hearing the court was requested by the attorney for the overseers of Elderton borough to affirm certain points and by the overseers of Plumcreek township to find certain points of evidence and law. According to the paper-book of appellants all the points for appellee appear to have been affirmed and those of the appellant to have been refused by the court. The opinion of the court below concluded with the decree as follows: "And now, October 28, 1895, the appeal from the

order of removal is dismissed, and the Poor District of Plumcreek township is ordered to pay the costs of these proceedings.

"By the COURT."

" Eo die exception to appellants and bill sealed.

"CALVIN RAYBURN, P. J."   [SEAL]

No exceptions appear on the record except as above indicated.

*Errors assigned* were, (1–6) affirming appellees' points ; refusal to affirm points on the part of Plumcreek township, reciting same ; (7) error in the general opinion of the court, reciting same.

*W. D. Patton*, for appellants.

*J. H. McCain*, of *McCain & Christy*, for appellees.—The appellees cited Overseers of Spring Twp. v. Overseers of Walker Twp., 1 Pa. Superior Ct. 383.

OPINION BY SMITH, J., October 12, 1896 :

This is an appeal by the overseers of Plumcreek township, from a decree of the court of quarter sessions of Armstrong county, affirming an order under which two paupers were removed from Elderton borough to Plumcreek township.   Although the appellants' paper-book contains seven assignments of error on questions of law and fact, none of them can be considered by this court for the reason that there are no exceptions to support them.

On appeals in this class of cases nothing but the record proper, and that which has been included in it in the manner prescribed by law, can be considered by this court.   Prior to the act of March 16, 1868, the decision of the court of quarter sessions on the merits was conclusive, and could not be reviewed.   It is true that the writ of certiorari remained as of common right, but that brought up the record only, and the appellate court was confined to a review of the regularity and legality of the proceedings ; neither the evidence nor the opinion of the court formed any part of the record, and these could not be examined under that writ.   The law furnished no mode by which the evidence or rulings of the court in these cases could be brought upon the record.   The proceedings being out of the course of

the common law a writ of error would not lie, and none was given by statute; and for similar reasons no appeal could be taken. No bills of exception were allowed by enactment, and none could be obtained in these proceedings under the statute of Westminster. Thus the law stood before the act of 1868 went into effect. That act is as follows: "Upon the hearing and argument of all appeals before any court of quarter sessions, from the order of removal of paupers from one district to another, it shall be lawful for either of the parties to the issue, to except to any decision of the court upon any point of evidence or of law, which exception shall be noted by the court and filed of record as in civil cases; and a writ of error to the Supreme Court may be taken by either party to the judgment of the court with like effect as in civil cases."

This statute allows a writ of error to the decision of the court of quarter sessions on points of evidence or of law which have been specifically excepted to and brought upon the record as directed. No other change is made in the law or practice with reference to this class of cases. Evidence and rulings of the court not thus made a matter of record remain, with the opinion, beyond the reach of an appellate court, the same as if the act had not been passed; and there is no further legislation on the subject. It has, therefore, been uniformly held by the Supreme Court, that in order to have any question of law or of fact reviewed under this statute, an exception to the ruling of the court below upon it as required by the statute is essential: Lower Augusta v. Selinsgrove, 64 Pa. 166; Moreland v. Davidson, 71 Pa. 371; Wayne v. Jersey Shore, 81* Pa. 264; Laporte v. Hillsgrove, 95 Pa. 269; Warsaw v. Knox, 107 Pa. 301; Montoursville v. Fairfield, 112 Pa. 99; Taylor v. Shenango, 114 Pa. 394; Cambria v. Madison, 138 Pa. 109; Kittanning v. Madison, 146 Pa. 108; Parker v. East Franklin, 13 W. N. C. 141. The principle upon which this construction is based has been applied by this court in Spring Twp. v. Walker Twp., 1 Pa. Superior Ct. 383.

A like construction was given to the act of November 6, 1856, relating to trials for murder and voluntary manslaughter and has been rigidly adhered to in those cases: Fife v. Commonwealth, 29 Pa. 429; Hopkins v. Commonwealth, 50 Pa. 9. And

a comparison of the provisions of the act of 1856 with those of the act of 1868 shows that they are substantially the same.

In the court below requests for findings on points of evidence and of law were submitted on behalf of the appellants in this case, but it cannot be determined from the paper-books whether these were answered apart from or in the opinion. The opinion concludes with the decree of the court, which is followed by an exception in these words : " Eo die exception to appellants and bill sealed." This is the only exception set out or noted in the appellants' paper-book, and whether it is aimed at the points or the opinion, or the decree, is nowhere stated. But whether to one or to all, it is equally unavailing under the authorities cited, to bring upon the record for review any of the matters assigned for error. In Kittanning v. Madison, supra, a bill of exceptions was sealed " to the opinion and the refusal of points, so far as refused or qualified," but this also was held insufficient and the Supreme Court affirmed the proceedings by simply saying : " There is nothing in this case for us to review."

The practice governing these proceedings is plainly distinguishable from that in cases of appeals after trial by jury. By acts of assembly the points, answers and charge in those cases are made a part of the record when regularly filed for that purpose, upon request, or on exception, or by direction of the court or trial judge, and thereupon they become subject to review by assignments : Wheeler v. Winn, 53 Pa. 122 ; Janney v. Howard, 150 Pa. 339 ; Rosenthal v. Ehrlicher et al., 154 Pa. 396. Even in those cases bills of exceptions are still necessary to bring up for review all "matters of evidence, the competency of witnesses," and everything not included in the points, answers and charge of the court: Connell v. O'Neil, 154 Pa. 582 ; Com'th ex rel. v. Arnold, 161 Pa. 320.

One thing common to all proceedings formerly reviewable on a writ of error is, that appellate courts are confined to an examination of such matters as go to make up the record ; they differ as to the subject-matter, and the mode of placing it there ; unless otherwise directed by statute bills of exception must be used for the latter purpose. But each case is limited to the matter and to the mode prescribed for its class. In the present case " any point of evidence or of law " may be reviewed when

specifically excepted to, and not otherwise.    No such exception appears.

We may add for the information of the appellants, that we have examined the alleged errors, ex gratia, and, upon a review of the whole case, we would not reverse for the reasons assigned, if they were properly before us.

The proceedings are affirmed.