## Overseers of Liberty Township, Centre County, Appellants, v. Overseers of Castanea Township, Clinton County.

*Appeals—Removal of paupers—Jurisdiction, Superior Ct.*

In appeals from the decree of the quarter sessions touching an order of removal of paupers, nothing but the record and that which has been included in it can be considered by the appellate court.

*Practice, C. P.—Poor law—Exceptions—Record.*

Under the Act of March 16, 1868, P. L. 46, a writ of error is allowed to the decision of the court of quarter sessions on points of evidence and law which have been specifically excepted to and brought upon the record as directed. Evidence and rulings of the court not thus made a matter of record remain with the opinion, beyond the reach of the appellate court.

In the case at bar the opinion concludes with the decree of court which is followed by an exception in these words : " Counsel for plaintiffs except to the opinion of the court and pray that a bill be sealed." Answer. "Bill sealed." This is the only exception.

Argued Feb. 11, 1897. Appeal, No. 39, Feb. T., 1897, by plaintiffs, from order of Q. S., Centre Co., Nov. Sess., 1895, No. 41, affirming appeal from order of removal and discharging said order of removal. Before WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by Overseers of the Poor of Castanea Township, Clinton County, Pa., from an order of removal, so far as it relates to Charles P. Aikey and Samuel M. Aikey. Before LOVE, P. J.

The facts sufficiently appear in the opinion of the court below, which is as follows: This is an appeal by the overseers of the poor of Castanea township, Clinton county, from an order of removal taken out by the overseers of Liberty township, Centre county, removing Charles Aikey and Samuel Aikey from Liberty township to the poor district of Castanea township. One Clara Wantz was married to one Irvin Aikey about June 27, 1880. They lived together about fourteen months when Irvin Aikey left his wife. In 1885, some time in February, he took up with another woman, and married her, without having been divorced from his first wife. Sept. 10, 1888, he obtained

a decree in divorce from his first wife, and then on October 11, 1888, remarried the woman he had been living with since 1885.

Clara Aikey, it would appear from the record of the justice, married a man by name of Elijah Saxton on or about July 29, 1883. They did not live together a full year.

Of course, the marriage of Irvin Aikey in February, 1885, and the marriage of Clara Aikey to Saxton, July, 1883, were void, and are so to be treated in the consideration of this case.

Clara Aikey was born at Eagleville, Centre county, and has practically lived there all her life. Irvin Aikey, when he left, lived in Clinton county, part of the time near to where his first wife was living, and most of the time not more than fifteen miles away. The paupers in question in this controversy were born at Eagleville, Liberty township, one Charles about August 13, 1885, and Samuel about July 27, 1888.

Both children were born during the period of lawful wedlock between Irvin Aikey and his first wife. It would, therefore, be presumed that the children were legitimate.

The evidence, however, offered by the overseers of Liberty township shows that Mrs. Aikey lived in a state of adultery with Elijah Saxton and shows that Irvin Aikey was living separate and apart from her when the children in question were begotten and born.

And while a wife is not competent to prove the non-access of her husband in order to bastardize her offspring, yet she may testify as to her commission of adultery, and in this case the overseers of Liberty township offered the evidence of Mrs. Clara Aikey and proved by her the non-access of her first husband, Irvin Aikey. No objection was taken to the testimony, nor were we asked to exclude it from our consideration. Then Mrs. Ella Aikey, the second wife of Irvin Aikey, testified that from 1885, when they were first married, Mr. Irvin Aikey lived with her every day until his death. Other witnesses testified that they had never seen Irvin Aikey at Eagleville, the residence or home of Clara Aikey, his first wife, after they had finally separated. It is conceded that Irvin Aikey acquired a settlement in Castanea township, Clinton county, in the years 1891 and 1892, which was some three or four years after he had been divorced absolutely from his first wife.

If the children were clearly legitimate we think they would

acquire a settlement in said township by virtue of their father's settlement, notwithstanding it was acquired after he had been divorced. But we think under the evidence offered by the overseers of Liberty township they have themselves clearly shown that Irvin Aikey was not the father of the two children in question. That being so, they are illegitimate, and do not acquire a settlement from Irvin Aikey, but their settlement is that of their mother, Clara Aikey, or Saxton, whose settlement was in Liberty township. We are, therefore, of the opinion that the paupers, viz: Charles and Samuel Aikey (named in the testimony taken as Charles and Samuel Saxton) did not have a settlement in Castanea township, and that the appeal from the order of removal should be affirmed.

And now, January 5, 1897, the appeal is affirmed and the order of removal discharged at the costs of the poor district of Liberty township.

To which the overseers of Liberty township except, and bill sealed.

*Errors assigned* were (1–14) to the rulings and findings of law in the opinion of the court and to the decree by it entered.

*Clement Dale*, with him *A. O. Furst* and *A. A. Dale*, for appellants.

*C. S. McCormick*, for appellees.

OPINION BY BEAVER, J., April 12, 1897:

The right of appeal from the judgment or decree of the court of quarter sessions in the determination of appeals from orders of removal, in pursuance of which paupers have been removed from one district to another, is purely statutory. It is provided by the act of the 16th of March, 1868. The remedy is to be pursued in strict accordance with the provisions of this act. The act has been construed and the mode of procedure under it carefully pointed out by the Supreme Court whose decisions therein have been followed by this court in several cases. In Lower Augusta v. Selinsgrove, 64 Pa. 166, the Supreme Court said: "The general exception to the opinion of the court below is not an exception to any point of evidence or of law." The

provisions of this act of assembly have been construed by this court in Spring Township v. Walker Township Overseers, 1 Pa. Superior Ct. 383, and again in Overseers of Elderton Borough v. Overseers of Plumcreek Township, 2 Pa. Superior Ct. 397. In the latter case there was a general exception to appellants and it was held that "although the appellants' paper-book contains seven assignments of error on questions of law and fact, none of them can be considered by this court, for the reason that there are no exceptions to support them." In both of these cases the uniform decisions of the Supreme Court are fully collected and considered. It is not necessary, therefore, to requote the authorities at length. It is sufficient for the purpose of this case to say that, following the uniform decisions of both of our courts of appellate jurisdiction, we must hold that the thirteen assignments of error presented by the appellants for our consideration have nothing in the record which can sustain them. The court below was not asked to find specific facts nor were any prayers offered for specific rulings upon points of law. No bills of exception were presented to the court, asking exceptions as to findings of fact or rulings of law by the court. The provisions of the act, under which the appeal was taken and the uniform and very numerous decisions of the courts in regard to the same were entirely disregarded. Although not necessary, it may be well to say that in our opinion there was competent and sufficient evidence in the case to sustain the conclusion reached by the court below. The decree is, therefore, affirmed and the appeal dismissed at the costs of the appellant.