## East Franklin Township Overseers *v.* Rayburn Township Overseers, Appellant.

*Poor law—Appeals—Exceptions—Practice, Q. S.—Act of March* 16, 1868, *P. L.* 46.

Under the Act of March 16, 1868, P. L. 45, relating to appeals from orders of removal of paupers, separate exceptions must be taken to any particular finding of fact or conclusion of law alleged as error. A mere general exception to the findings of fact and conclusions of law is insufficient, and the fact that the general exception is repeated after each assignment of error to a particular finding of fact or conclusion of law does not bring the appeal within the provisions of the statute.

*Poor law—Settlement—Payment of taxes.*

A person may establish a settlement in a poor district by the payment of taxes after he has received relief from such poor district, if it appears that the taxes were not paid out of money furnished him for relief by the poor district.

Argued May 11, 1903. Appeal, No. 111, April T., 1903, by defendants, from judgment of Q. S. Armstrong Co., Dec. T., 1901, No. 20, on appeal from order of removal in case of Overseers of the Poor of East Franklin Township v. Overseers of the Poor of Rayburn Township. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from order of removal. Before THOMAS, P. J., specially presiding.

The opinion of the Superior Court states the case.

*Errors assigned* were to various findings of fact and conclusions of law.

*Barclay Nulton,* for appellants.

*Floy C. Jones,* for appellees.

OPINION BY BEAVER, J., October 30, 1903:

At the conclusion of the first opinion of the court below, quashing the order of removal in this case, and of the second opinion dismissing the appeal therefrom and ordering the appellant to pay to the appellee the sum of $341.61, the amount

expended by it for the support of the pauper removed, and legal expenses, etc., there occurs a general allowance of exceptions as follows: " Exception to the findings of fact, conclusions of law, answers of points and the order of court is hereby noted and a bill sealed for each party."

In Spring Twp. Overseers v. Walker Twp. Overseers, 1 Pa. Superior Ct. 383, in Elderton Boro. Overseers v. Plum creek Twp. Overseers, 2 Pa. Superior Ct. 397, and in Liberty Twp. Overseers v. Castanea Twp. Overseers, 4 Pa. Superior Ct. 411, the provisions of the Act of Assembly of March 16, 1868, P. L. 46, relating to appeals from orders of removal, have been carefully construed and the decisions of the Supreme Court collected. In Elderton Boro. Overseers v. Plum creek Overseers, 2 Pa. Superior Ct. 397, Judge SMITH, who wrote the opinion, says: " This statute allows a writ of error to the decision of the court of quarter sessions on points of evidence or of law which have been specifically excepted to and brought upon the record as directed. No other change is made in the law or practice with reference to this class of cases. Evidence and rulings of the court not thus made a matter of record remain, with the opinion, beyond the reach of an appellate court the same as if the act had not been passed; and there is no further legislation on the subject. It has been, therefore, uniformly held by the Supreme Court that, in order to have any question of law or of fact reviewed under this statute, an exception to the ruling of the court below upon it, as required by the statute, is essential." Then follows a citation of the decisions of the Supreme Court. In that case a general exception was allowed and bill sealed and no exceptions appear upon the record, except as thus indicated.

This is practically the situation here, the language being somewhat different, but the effect of it the same. We might well, therefore, follow the established and well settled practice and disregard the assignments of error. It is true that, at the end of each assignment, the general allowance of exceptions is quoted but no bill of exceptions was presented to and no exceptions allowed by the court as to any particular finding of fact or conclusion of law, and the fact that the general exception is repeated does not in any way strengthen it or tend to bring the case within the provisions of the statute.

We have, however, carefully examined the evidence in the case, and are convinced that the court below, upon sufficient competent testimony, correctly found that the pauper removed had paid, January 5, 1894, county, state, poor, dog, school and cash road tax which had been assessed in 1892 and, second, that he had paid a work road tax in full in cash December 21, 1893, levied for that year. The conclusion of law reached by the court, there being no subsequent settlement gained, "that the last legal place of settlement of Hugh V. Hooks was Rayburn township, Armstrong county" was, therefore, warranted, at least so far as anything to the contrary presented by the appellants appears, and should be sustained. Under the provisions of the Act of June 13, 1836, P. L. 539, a settlement is gained "by any such person who shall be charged with and pay his proportion of any public taxes or levies for two years successively." The question as to whether or not work road tax paid in cash by Hooks for 1893 was a public tax or levy within the meaning of the act of assembly was not raised in the court below, nor is it raised here and need not, therefore, be considered or discussed. It is alleged, however, by the appellant that at the time his taxes were paid Hooks was a pauper receiving aid from the township. It is true that an order of relief had been taken out prior to the payment of these taxes and that relief was granted by the overseers at different times, but it is not shown, nor is it attempted to be shown, that these taxes were paid in any way out of funds given by the township for the relief of the pauper. If this clearly appeared or could be fairly deducible from the evidence, a very different question from the one presented here might arise. But we cannot see, from the evidence, how the court below could have found that the money paid by Hooks for the taxes of 1892 and 1893 was directly or indirectly received from the overseers of Rayburn township who were at the time granting him relief, as it might be necessary. Viewing the case from every point of view and giving to the appellants the utmost latitude in assigning and treating with the greatest liberality and consideration the assignments of error, we cannot find any legal ground, as laid by the appellants, upon which to overturn the conclusion reached by the court below.

The assignments of error are very numerous and we have not

attempted to consider them separately. The case, however, is within narrow limits and has been sufficiently considered. Decree affirmed and appeal dismissed at the cost of the appellant.

RICE, P. J., and PORTER, J., dissent.