# Shrewsbury Township Poor District, Appellant, v. Penn Township Poor District.

*Poor laws—Appeals—Points of evidence and law—Assignments of error—Exceptions—Decree.*

In proceedings under the poor laws for an order of removal, a point which requests the court to find that a pauper has a settlement in a particular district, covers the entire case and is a mixed question of law and fact, and therefore not such a specific point of law and fact as is contemplated by the Act of March 16, 1868, P. L. 46.

In such proceedings a general exception to the opinion of the court below is not an exception to any point of evidence or of law, within the meaning of the act.

*Poor law—Settlement—Lease—Evidence.*

Where a woman takes in good faith a lease of a dwelling and pays the whole year's rent in advance, and continues to reside in the dwell-

ing for eighteen months, she acquires a settlement under the poor laws, and such settlement is not defeated by the fact that the whole rent was immediately returned by the landlord for future board, which board was furnished him.

Argued March 6, 1907. Appeal, No. 7, Feb. T., 1906, by plaintiff, from order of Q. S. Lycoming Co., March T., 1906, No. 73, removing a pauper in case of Overseers of the Poor of the Poor District of Shrewsbury Township, Lycoming County, v. Overseers of the Poor District of Penn Township, Lycoming County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Petition for order of removal.
The opinion of the Superior Court states the case.

*Errors assigned* are set forth in full in the opinion of the Superior Court.

*W. E. Crawford* and *J. F. Strieby*, for appellant.

*W. C. Gilmore*, with him *E. F. Hill*, for appellee.

OPINION BY BEAVER, J., April 15, 1907 :
The contest here between two several poor districts involves the settlement of Lavina Worthington.
The court below found the following facts :
"4. Lavina Worthington, the mother of William H. Worthington, moved into the dwelling house of William Fullmer, situated in Shrewsbury township, on or about October 12, 1899, and continued to reside therein for a period of about eighteen months, under a bona fide lease in writing, made and executed October 10, 1899, between said Lavina Worthington and William Fullmer, at a rental of ten dollars for the year beginning October 12, 1899.
"5. Lavina Worthington paid to William Fullmer ten dollars rental for one year's rent, beginning with October 12, 1899, for the dwelling house and lot leased her by William Fullmer, situated in Shrewsbury township, and in which she resided for one whole year, and that her son, William H. Worthington, resided with her in said dwelling house during said time."
These findings are not specifically excepted to, nor are they as-

signed for error.  They would seem, therefore, to be absolutely conclusive of the case.

There are two assignments of error, namely:

"1. The court below having affirmed plaintiff's second point, which point is as follows: 'The rent money credited on the lease between William Fullmer and Lavina Worthington for the first Fullmer house, as having been paid by Mrs. Worthington to Fullmer, was returned to her by Fullmer as soon as it was paid, or immediately thereafter:

"The court erred in not affirming plaintiff's third point, which point is as follows : ' The receipt for the payment of rent entered upon the lease under such circumstances is no evidence of payment of rent, unless it be shown that subsequently the lessor became indebted to the lessee to the extent of the receipted payment ; and that this money was credited or applied to such indebtedness."

"2. The court erred in not affirming plaintiff's tenth point, which point is as follows: 'The last place of legal settlement of William Worthington, the pauper in this case, is in the poor district of Penn township, Lycoming county, Pennsylvania."

Both assignments are faulty, in that they do not specifically state what the ruling of the court was in reference to the points referred to.  If they were refused, the assignments should so state.

The paper-book of the appellant is printed in such a way that it is with great difficulty that the paper-book proper and the appendix can be separated ; for example, page 6 of the opinion of the court is followed by page 35 of the appendix.  Then come pages 8 and 9, and, following them, page 38 of the appendix. Turning to the appendix, page 7 of the opinion follows page 34 of the appendix.  Page 10 follows page 37 and is followed by page 39 of the appendix.  In order to find the continuation of the assignments of error, we must turn back to page 11 of the book which follows page 38 of the appendix.  We have, however, with some difficulty rearranged the pages, so as to follow the regular order in the paper-book and refer to the matter now only for the purpose of urging care in this regard, which greatly facilitates the work of this court.

The court, having affirmed the request for the finding of fact, as to the payment of rent and its return, could, under the facts

of this case, as they are referred to in the discussion by the court, under the findings of fact, well have affirmed the third point, except for the form in which the point was put, without in any way impairing the integrity of the findings of fact, to which there is only a general exception, and which are not assigned for error.

In the discussion of the facts, the court, referring to the testimony of Lavina Worthington quotes her as saying she paid the $10.00 to William Fullmer, but that he immediately gave it back to her "for board or anything else," and that William Fullmer boarded with her for a considerable time thereafter. The court evidently accepted this fact as proved. If so, this payment was a payment in advance for board which was subsequently furnished. The court could not say, therefore, in strictness, that Fullmer subsequently became indebted for that for which he had paid in advance. Whether that was the reason for refusing or failing to affirm the plaintiff's third point we know not, but we cannot see that, even if the point had been affirmed, it would in any way interfere with the actual findings of fact of the court as to the settlement of Lavina Worthington, for such a finding would not have been contradictory to, or inconsistent with, the testimony of Lavina Worthington, assuming that the reference to "subsequent indebtedness" meant subsequent receipt for value of the amount of the rent returned by Fullmer to Mrs. Worthington.

As to the second assignment of error, it covers the entire case, and is a mixed question of law and fact. It is not such a specific point of law or fact as is contemplated by the Act of March 16, 1868, P. L. 46, and, even if it was, is not specifically excepted to as required. The only exception upon the record is: "Same day counsel for overseers of poor of the poor district of Shrewsbury township except and, at their request, bill of exceptions sealed." "The general exception to the opinion of the court below is not an exception to any point of evidence or of law:" Lower Augusta v. Selinsgrove, 64 Pa. 166. See Wayne Twp. v. Jersey Shore, 81* Pa. 264; Laporte Borough v. Hillsgrove Twp., 95 Pa. 269; Elderton Borough v. Plum Creek Twp., 2 Pa. Superior Ct. 397; Liberty Twp. v. Castanea Twp., 4 Pa. Superior Ct. 411; East Franklin Twp. v. Rayburn Twp., 23 Pa. Superior Ct. 522.

Waiving the defects in the exceptions, the irregularities in the assignments of error and the imperfections in the appellant's paper-book, we think the conclusion of the court below was justified by the facts, as found, and that the findings of fact are based upon, and sustained by, the evidence.

The order of the court below is affirmed and the appeal dismissed, at the costs of the appellant.