## Overseers of the Poor of Turbett Township, Appellants, *v.* Overseers of the Poor of Tuscarora Township.

*Poor law—Settlement—Removal from jurisdiction—Act of June 13, 1836, P. L. 539, and April 6, 1905, P. L. 112.*

The refusal of a justice of the peace to grant an order of removal of a pauper from one poor district to another, which was subsequently affirmed by the court of quarter sessions, will be considered, on appeal, only on such points of evidence as have been excepted to, or for errors in law.  The appellate court will not review the case on its merits.

Where a person not in receipt of relief has removed from one district to another, and proceedings are begun before a justice of the peace for his removal on the ground that he was likely to become chargeable, which, after hearing, were dismissed, a subsequent application by him for relief, and the granting of the same, while conclusive of the pauper's status, at the time of the issuance of the order, is not necessarily conclusive of the fact that he was "likely to become chargeable" on the district at any time prior to the making of the order.

Argued March 10, 1919.  Appeal, No. 11, March T., 1919, from order and decree of Q. S. Juniata Co., Sept. Sessions, 1912, No. 1, confirming judgment of justice of the peace in the case of Overseers of the Poor of Turbett Township v. Overseers of the Poor of Tuscarora Township.  Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.  Affirmed.

Appeal from order of justice of the peace refusing order for the removal of a pauper.  Before BAILEY, P. J.

The opinion of the Superior Court states the case.

The court confirmed the judgment of the justice of the peace.  Plaintiff appealed.

*Error assigned* was the order of the court.

*Andrew Banks*, for appellant.

*J. Howard Neely,* for appellee.

OPINION BY WILLIAMS, J., July 17, 1919:

This is an appeal from a decree of the quarter sessions sustaining the refusal of a justice of the peace to grant an order of removal of a pauper.

Section 16, of the Act of 1836, as amended by the Act of April 6, 1905, P. L. 115, provides that "on complaint by the overseers of any district to one of the magistrates of the same county, it shall be lawful for the said magistrate, where any person has or is likely to become chargeable to such district into which he shall come, by his warrant or order, directed to such overseers, to remove such person, at the expense of the district, to the city, district or place where he was last legally settled, whether in or out of Pennsylvania......"

This proceeding was begun in March, 1912; on the 21st of that month a hearing was had; on the 26th, the justice refused the order of removal; April 2d, the alleged pauper applied for an order of relief at the suggestion of one of the overseers of Turbett Township, which order was granted. The alleged pauper was, at the time of the hearing, apparently possessed of sufficient property and physical ability to provide for himself, as found by the magistrate. It was not disputed that the alleged pauper was legally settled in Tuscarora Township, but he was not the recipient of relief, nor had he made application therefor at the date of the hearing. The question before the magistrate was, therefore, whether he was "likely to become chargeable" on the district.

In discussing this phase of the case the court below says: "The fact must be ascertained as it existed at and before the hearing before the justice on March 21, 1912; that he became a charge upon Turbett Township afterwards is immaterial, except in so far as it might bear upon whether or not he was likely to become a charge at the time of the hearing. We have examined the testimony taken......and are able to find nothing

which would lead to the arising of a probability, before the hearing, that he might sometime in the near future become a public charge. There is no evidence of serious mental or physical incapacity or that he had not been able to meet his business or financial obligations. It is true, he was old, and undeniably poor, but neither one of these things is sufficient to show the existence of pauperism......It is clear......that the taking out of the poor order was due to the suggestion, not arising from Kirk's necessities, but, from one of the overseers of the poor of Turbett Township......His failure to obtain a habitation was not due to his social condition, but to the stigma placed upon him by the plaintiffs in instituting this proceeding."

We have quoted from the opinion of the court below for the purpose of stating the case; we do not review on the merits: Lower Augusta v. Selinsgrove, 64 Pa. 166; County of Cambria v. Township of Madison, 138 Pa. 109; Overseers of Liberty Township v. Overseers of Castanea Township, 4 Pa. Superior Ct. 411.

Conceding that the order of relief, if granted before the decision of the magistrate, would be conclusive of the pauper's status, it does not follow that it is conclusive of the fact that he was "likely to become chargeable" on the district at any time prior to its issuance. This is the only legal reason urged for the reversal of this decree.

The assignments of error are overruled and the decree affirmed.