## Poor District of Shrewsbury Township, Lycoming County *v.* Poor District of Shrewsbury Township, Sullivan County, Appellant.

*Poor law—Settlement—Purchase of land and residence thereon—Act of June* 13, 1836, *sec.* 9, *P. L.* 541.

Under section 9 of the Act of June 13, 1836, P. L. 541, relating to the acquisition of a settlement of purchase of land and residence thereon, the pauper not only must become seized of a freehold estate, within the district, but he must also dwell upon it for a whole year. It is not sufficient for the pauper to dwell in the neighborhood of, or near to, his freehold in the district; he must dwell upon it.

Argued Feb. 12, 1902. Appeal, No. 16, Feb. T., 1902, by defendant, from order of Q. S. Lycoming Co., March T., 1901, No. 80, dismissing appeal from order of removal in case of Overseers-of the Poor of the Poor District of Shrewsbury Township, Lycoming County, v. Overseers of the Poor of the Poor District of Shrewsbury Township, Sullivan County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from order of removal of pauper.

From the record it appeared that Perry George, the pauper in question, had, in 1897, purchased 200 acres of land in Sullivan county, and in the same year moved into a house which he believed was on the land.

MITCHELL, P. J., after reviewing the testimony at length, said:

From this testimony it is apparent that George had purchased land—the boundaries of which were uncertain; that he had attempted to move upon this land, and believed that he had moved upon it; and that he had resided in the house into which he had moved for a period more than sufficiently long to comply with the requirements of the act.

It is equally apparent that whether the house in which he lived the second time was on the land in question or not could only be satisfactorily and conclusively determined by an action

of ejectment; and that however the court might determine this question of fact in the present proceeding, such determination would not be binding upon the owners of this land who might at any time, by proper action, secure a determination of their boundary lines exactly opposite to the determination of the court in the present proceeding. How undesirable such opposite conclusions, or the risk of them would be, is apparent.

When, however, we pause to consider the reason of the laws governing poor settlements, we are persuaded that the determination in the exact location of the house occupied by George is not necessary in the present proceeding.

When the legislature enacted the provision cited above it possibly had in mind that the acquisition of freeholders who dwelt upon their freeholds was of value to any poor district; and it may also, in providing that the freeholder should live upon his freehold, have intended to certainly secure to the district notice of the residence of a newcomer and an opportunity to inspect and judge of his character; or, it may merely have believed that any one who became seized of a freehold and dwelt upon it was acting in good faith, and so unlikely to become a charge upon the district that his acquisition as a settler was desirable, or at least safe.

An inspection of the other provisions of the poor laws in force in Pennsylvania will show that the same intent to secure desirable settlers and provide reasonable notice of the coming of new persons into a district prevades them all.

In the present case, George purchases 200 acres of wild land; he attempts to move upon it and believes that he does move upon it; he lives in the house into which he has moved more than the time required to give him a settlement; his possession is open and notorious; he clears part of his purchase, and in every way proves that his intention is to become a bona fide settler on his land, and in every way gives the township an opportunity to know of his intentions and to inquire as to his character and ability to support himself. Even if his attempt to occupy a house actually upon the land purchased was—because of confusion in boundary lines—abortive (and the evidence is quite as strong that the house he occupied was on the land that he purchased as that it was not), it would seem to us ridiculous to say, that, having occupied a house in one place he did not gain a set-

272  POOR · DISTRICT *v.* POOR DISTRICT, Appellant.

Opinion of Court below—Opinion of the Court. [20 Pa. Superior Ct.

tlement, while if he had occupied it from three to five rods away, he would have gained one. How could the difference of location have affected him? How could it possibly have affected the township?

The case of Beaver Township v. Rose Township, 98 Pa. 636, cited by the appellant in support of his contention that all the requirements of the statute must be strictly complied with to gain a residence, does not apply to the present case, because in it there was no pretense that the leasehold had been occupied for a year. And the case of Montoursville Boro. v. Fairfield Twp., 112 Pa. 99, does not apply, because in it there was no attempt made to reside upon the freehold in question.

The precise question here raised seems never to have been decided in Pennsylvania, but we are certain that where, in the case of the purchase of wild land—the boundaries of which are not definitely ascertained—an attempt is made to reside upon the land and an actual residence is taken up so close to the land in question as to fairly give the community notice of the intention to reside upon the land purchased, as in the present case, the purchaser, by such residence for the period of one year, gains a settlement.

*Error assigned* was order dismissing appeal.

*E. J. Mullen*, for appellant.—To gain a settlement under clause 4, section 9 of the Act of June 13, 1836, P. L. 542, there must not only be seizing but a dwelling upon it for one whole year: Overseers of the Poor of Montoursville Boro. v. Overseers of the Poor of Fairfield Twp., 112 Pa. 99; Beaver Twp. Poor District v. Rose Township Poor District, 98 Pa. 636; Huston Twp. v. Benezette Twp., 135 Pa. 399.

*W. E. Crawford*, for appellee.

OPINION BY ORLADY, J., April 21, 1902:

In disposing of an appeal from an order of court which removed a pauper to the defendant poor district the learned judge found as a fact, that the alleged pauper had purchased a tract of land, the boundaries of which were uncertain and that the house in which he had resided was of such doubtful location as

to the land he had purchased that it could not be satisfactorily determined whether the house was upon his own land or not; but that inasmuch as the pauper had in fact purchased the land with the intention of living upon it and believed that he had built his house upon his own land and had resided therein for a longer time than is required by law to give him a settlement, he had in law gained a settlement in the appellant poor district.

We cannot agree with this conclusion. The 9th section of the Act of June 13, 1836, P. L. 541, provides the only means of gaining a settlement under our poor laws; and the part thereof which affects this case is found in paragraph 4, of section 9, as follows: " By any person who shall become seized of any freehold estate within such district, and who shall dwell upon the same for a whole year." The mandate of the statute must be literally complied with to make the defendant liable as the place of settlement of the pauper. The pauper must become seized of a freehold estate within the district; and he must dwell upon it for a whole year. Nothing less than a compliance with these requirements satisfies the statute: Beaver Township v. Rose Township, 98 Pa. 636. In such a case the settlement of the pauper must be affirmatively shown and not left to conjecture. It is not sufficient to dwell in the neighborhood or near to his freehold estate in the district, he must dwell upon it. The statute was intended to apply to all cases and it cannot be doubted but that if the freehold estate and dwelling were separated by a poor district or a county line, the want of union of estate and residence would be fatal to the appellants' contention.

It was held in Montoursville Boro. v. Fairfield Twp., 112 Pa. 99, that "to gain a settlement, there must not only be a seizin of a freehold estate but a dwelling upon it for a whole year." We held in Milton Borough v. West Chilliaquaque Township, 9 Pa. Superior Ct. 211, and in Spring Township v. Walker Township, 1 Pa. Superior Ct. 383, that a settlement could not be gained under clause 111, section 9, of the act of 1836 by leasing alone but that there must also be a payment of rent. It would not be more of a violation of the statute to hold that the time of dwelling upon the freehold might be shortened than that the dwelling could be at some other place

than upon it. A settlement under the poor laws is a residence of such a permanent and continuous a character as, under certain circumstances, will entitle a person to support and maintenance as a pauper. . . . It is acquired generally upon the basis of a settled personal residence, the permanency of which must be shown in a certain way, specified by law: Huston Township v. Benezette Township, 135 Pa. 393.

The answer to the plaintiff's first request for conclusions of fact and law (8th assignment) is in conflict with the conclusion of law as stated by the court, as follows: " It is equally apparent that whether the house in which he lived the second time was on the land in question or not could only be satisfactorily and conclusively determined by an action of ejectment; and that however the court might determine this question of fact in the present proceeding, such determination would not be binding upon the owners of the land who might at any time, by proper action, secure a determination of their boundary lines exactly opposite to the determination of the court in the present proceeding. How undesirable such opposite conclusions, or the risk of them would be, is apparent. When, however, we pause to consider the reason of the laws governing poor settlements, we are persuaded that the determination in the exact location of the house occupied by George is not necessary in the present proceeding."

We do not concur with the view of the law as thus stated by the court below, and in order that the fact be definitely determined as to whether or not the pauper actually dwelt upon the freehold within the district for a whole year a procedendo is awarded with direction to find specifically as to that fact.