# Overseers of Taylor *versus* Overseers of Shenango.

The district in which a poor person having no legal settlement within the Commonwealth first becomes helpless and a fit subject for relief, must provide the same, until the necessity therefor ceases. The fact that he boarded and lodged in another district at the time of the accident which made relief necessary, gives him no settlement there, so as to make that district liable.

October 14th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. MERCUR, C. J., and GREEN, J., absent.

ERROR to the Court of Quarter Sessions of the Peace of *Lawrence county :* Of October Term 1886, No. 120.

This was an appeal by the Overseers of the Poor of Taylor township, from the order of two justices of the peace, remov-

ing Allen Lightner, a pauper, from Shenango township. The order of removal was dated December 29th, 1884. The appeal was entered in the court below on 12th of January, 1885. The only question in the case was, which poor district (Taylor or Shenango) was liable to maintain the pauper.

The following are the facts as found by the court, HAZEN, P. J.

Upon examination of the testimony we find as follows—to wit:—

1. That Allen Lightner was hurt so as to require assistance on the 26th day of June, A. D., 1882.

2. That he had at that time no legal settlement in the Commonwealth of Pennsylvania.

3. That he was at that time in the employment of and boarding and lodging with, one David Stiner, who resided in said Shenango township.

4. That he was at that time working in said Taylor township, stripping dirt from the limestone rock on the farm of Nathaniel Baldwin at the limestone quarry of Messrs. Greene, Marquis & Johnson, lessees, situate about half a mile from the line dividing said township.

5. That said David Stiner, at that time, had a contract with said lessees of said quarry to strip the dirt from the limestone rock at so much per yard.

6. That while so engaged, said Allen Lightner was hurt by reason of dirt falling upon him so that one of his legs was fractured and bruised, and afterwards, by reason of said hurt, had to be amputated; and upon his receiving the injury, was taken up by his fellow workmen in said quarry and carried over from Taylor to his boarding house in Shenango township.

7. That an order of relief dated June 27th, 1882, was duly issued, directed to the overseers of the poor of Shenango township, adjudging said Allen Lightner a pauper and requiring them to render him relief.

8. That in pursuance of said order of relief he was cared for by the overseers of the poor of Shenango township until December 29th, 1884, when the order of removal appealed from in this case was obtained.

9. That said overseers of the poor expended in his relief the sum of eight hundred and eleven and $\frac{17}{100}$ dollars.

10. That the order of removal appealed from in this case dated December 29th, 1884, was obtained, and said Allen Lightner, the pauper, removed to and placed in the care of the overseers of the poor of Taylor township, the appellants.

11. That the overseers of the poor of Taylor township had no notice or knowledge of the case until August, A. D., 1883.

12. That said Allen Lightner, the pauper, could have been removed in October, A. D., 1882.

13. The Act of June 13th, 1836, sec. 5—"It shall also be the duty of the overseers of any district to furnish relief to any poor person within the district not having a settlement therein, who shall apply to them for relief, until such person can be removed to the place of his (last) settlement." If he has no legal settlement, then he is to be assisted where he first became helpless so as to require support. The legal duty to extend relief does not spring out of the order but out of the necessity of the pauper. This duty is immediately cast upon the district where the pauper is when the necessity arises": Singer Co. *v.* O. of P. of Brookville, 4 P. L., p. 134, N. S. The evidence in this case satisfies us that the pauper, Allen Lightner, fell helpless in Taylor township, and there first required relief. That poor district, therefore, is chargeable with his maintenance: Overseers *v.* McCoy, 2 P. & W., 434; O. of P. *v.* Mifflin, 10 Watts, 360.

Therefore, we are of opinion that Taylor township poor district should pay to Shenango township poor district the amount expended for the relief of said pauper from the time he was so hurt as to require relief, up to the time when he could have been safely removed. This we find to have been in October, and certainly not later than November 1st, 1882.

That the order of removal was not earlier is not the fault of Taylor poor district, but is the misfortune of Shenango poor district.

Pending the interval between the time when the pauper could have been removed and when he was actually removed, we think Taylor township poor district is not responsible for the outlay in his support.

Therefore, we think this appeal should be dismissed, and the order of removal sustained, in conformity with the foregoing, at cost of the appellant.

And now, February 24th, A. D., 1886, upon due consideration, it is ordered and decreed that the appeal in this case be dismissed, and that the order of removal of the pauper, Allen Lightner, from Shenango township poor district to Taylor township poor district, *quasi* the place of his settlement and chargeable with his support, be confirmed, and that Taylor poor district pay to Shenango poor district the amount expended for the pauper's support from the time he fell helpless up to the time when he could have been safely removed. The amount not being known we cannot designate same, but leave this for adjustment as to the amount in future, and that the cost of this proceeding be paid by appellant.

To this decree the overseers of the poor of Taylor township

[Overseers of Taylor *v.* Overseers of Shenango.]

filed exceptions both as to the findings of fact and as to the conclusion of law. These exceptions were overruled and the following order was made.

And now, May 18th, 1886, the exceptions having been overruled and sealed by the court, the counsel of the respective parties having admitted and agreed that the sum expended by the overseers of the poor of Shenango township, prior to time at which he could be removed, is six hundred dollars, the court do now enter judgment finally, that the appeal be dis- missed, the order of removal be confirmed, and that the over- seers of the poor of Taylor township do pay to the overseers of the poor of Shenango township the sum of six hundred dol- lars, the amount expended by them as aforesaid, and also the costs of this appeal.

The overseers of the poor of Taylor township thereupon took this writ, assigning for error the above decree.

*Dana* (*Long* with him), for plaintiff in error.

*B. A. Winternitz*, for defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, October 25th, 1886.

On the authority of Lower Augusta *v.* Selinsgrove, 64 Pa. 166 and subsequent cases recognizing same rule of practice, we would be warranted in affirming the order complained of; but, on the general merits of the case, and apart from the tech- nical objection suggested by the learned counsel for defendants in error, we think the order is in accordance with the spirit, if not the letter, of our poor laws, and therefore correct.

On June 26th, 1882, the pauper in question was so badly injured in Taylor township as to require immediate relief. He was carried into Shenango township, and, an order for the purpose having been obtained, relief was provided for him by the overseers of that district from that time until December, 1884, when the order for removal to Taylor township was issued. At the time he was thus injured and became a public charge, the pauper had no settlement within this Commonwealth. The fact that he boarded and lodged in Shenango township gave him no settlement in that district. Our poor laws recognize only the "settlement," not the lodging place, or "home" of a pauper. The 5th section of the Act June 13th, 1836, declares: "It shall also be the duty of the overseers of the poor of every district to furnish relief to every poor person within the dis- trict, not having a settlement therein, who shall apply to them for relief, until such person can be removed to the place of his last settlement." If such poor person has no legal settlement

in the Commonwealth, he cannot of course be removed, and it necessarily follows that the overseers of the district in which he first became helpless and a fit subject for relief must provide that relief, until the necessity therefor ceases; in other words, the duty to extend relief is immediately cast upon the district where the pauper is when the necessity arises, and that necessity cannot be avoided by carrying a sick or disabled pauper out of the district. In no other way can our poor laws be administered, in such cases, according to their true intent and meaning. For the purpose of carrying out their spirit, one who has no actual settlement anywhere must be considered as having acquired a *quasi* settlement in a poor district by reason of his having become helpless and requiring assistance therein. It follows, therefore, that the duty of providing relief and supporting the pauper in question was cast upon the overseers of Taylor township the moment he was injured and thereby became helpless therein; and that duty was not shifted and cast upon the overseers of Shenango by carrying him into that district. In so holding we merely adhere to former adjudications of this court, among which are: Overseers of Milford Township *v.* McCoy, 3 P. & W., 342, 344; and Kelly Township *v.* Union Township, 5 W. & S., 535, in the former of which it was said: "Every poor person who is unable to support himself shall be maintained by the overseers of the township where such poor person is when he became helpless. . . . If he had no settlement . . . the expense of maintenance remains on the township in which such pauper was when he required relief." The specifications of error are not sustained.

Order affirmed.