The Overseers of the Poor of Susquehanna Township Poor District *v.* The Overseers of the Poor of Monroe Township Poor District, Appellants.

*Poor law—Appeal—Order of removal.*

Where a decree for removal of paupers is in proper form and warranted by the law and the evidence, the appellate court will not consider the reformation of the decree upon grounds which could and should have been established, if capable of establishment, in the court below. The appellate court cannot be asked formally to announce through its decree that the litigation may be deemed only fairly begun at the point where a lawsuit usually ends.

*Poor law—Removal of pauper—Jurisdiction of removing justices.*

Two justices have no power to grant an order of removal from their own township, and when such inoperative order is quashed the two districts are left where they began.

Argued March 10, 1897.   Appeal, No. 20, March T., 1896, by defendants, from order of Q. S. Juniata Co., Sept. Sess., 1895, No. 9, dismissing appeal in the court below and confirming order of removal.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ.   Affirmed.

Appeal by overseers of the poor of Monroe township from decree dismissing appeal in the court below confirming order of removal.   Before LYONS, P. J.

It appears from the opinion of the court below that Frederick Strawser and his family, consisting of his wife and three children, became a charge on Monroe township, Juniata county, in November, 1894.   On the 18th of January, 1895, two justices of the peace, both of whom resided in Monroe township, granted an order of removal to the overseers of Monroe township which was by the said justices adjudged to be the last place of legal settlement of Frederick Strawser and family.   In pursuance of said order the overseers of Monroe township removed said paupers and delivered them to the overseers of Susquehanna township on January 30, 1895.   On March 12, 1895, the order of removal was quashed for the reason that the two justices of the peace who had granted the order, both resided in Monroe township.   On April 17, 1895, the overseers of Susquehanna township applied for and obtained an order of removal for said paupers to Monroe township and delivered them to the overseers of said township.   From this order the Monroe township overseers appealed.

There was no evidence to show that the pauper had ever gained a settlement in Monroe township in any way, nor is there any evidence to show that he gained a settlement in Susquehanna township.

The court below dismissed the appeal and confirmed order of removal back to Monroe township, holding that the costs and expenses of maintaining the said paupers while a charge on Susquehanna township was upon Monroe township, because they became chargeable there, and that as between Susquehanna and Monroe the burden was on Monroe, and the order of removal was properly granted.

The court also held that there was no evidence to show that the overseers of Susquehanna accepted the paupers in the first

instance without an order of removal. They received them and provided for them, but this the act of assembly required them to do. Only one of the overseers had received them, and even if he had accepted them that would not bind the township; it would require the action of both overseers to bind the township.

*Errors assigned* among others were (1) In dismissing appeal and confirming the order of removal. (2) In deciding that Frederick Strawser and his family had a quasi settlement in Monroe township. (5) In answering plaintiffs' first point of law. Said point and answer are as follows : " That when the order of removal of date January 19, 1895, under which these paupers were removed from Monroe township to Susquehanna township, was quashed by the court, the said Frederick Strawser, his wife and family continued to remain chargeable to the township of Monroe. *Answer:* Affirmed." (6) In answering plaintiffs' second point of law. Said point and answer are as follows : " That when the said order of removal dated January 19, 1895, was quashed, it was the duty of the overseers of Monroe township to take charge of the said paupers until they could be removed to their last place of legal settlement. *Answer :* Affirmed." (8) In answering the plaintiffs' fourth point of law. Said point and answer are as follows : " The burden of searching for the last place of legal settlement of these paupers was not shifted to Susquehanna township, by removing them into that township under the order of removal of January 19, 1895, which was subsequently declared void by the court. *Answer :* Affirmed." (11) In answering plaintiffs' seventh point of law. Said point and answer are as follows : " As between the township of Monroe and the township of Susquehanna, the township of Monroe is the place of settlement of these paupers, Frederick Strawser, his wife and children. *Answer :* Affirmed." (12) In answering plaintiffs' eighth point of law. Said point and answer are as follows : " The said Frederick Strawser and his family have a quasi settlement, at least, in the township of Monroe, by reason of their having first become chargeable to said township. *Answer :* Affirmed." (16) In holding that there is no evidence in the case such as warrants us in finding as a fact that the overseers of Susquehanna accepted the paupers as the paupers of that township.

*J. Howard Neely*, for appellants.—The questions for decisions are, the correctness of the court's decree in confirming the order of removal, and deciding that Frederick Strawser and his family had a quasi settlement in Monroe township, and if this question be decided in the affirmative we ask that the decree of the court be so modified as to permit Monroe township to remove the paupers to their last place of legal settlement, wherever that may be, whether in or out of Susquehanna township.

The power of a poor district to accept a pauper without an order of removal has long been recognized in the courts of this state : Kelly Township v. Union Township, 5 W. & S. 535 ; Moreland Township v. Davidson Township, 71 Pa. 371.

*J. N. Keller*, for appellees.—The order to quash is like a reversal on a writ of error, which leaves the parties where they began : West Buffalo v. Walker Township, 8 Pa. 177.

Although the quashing of the first application for removal operated, in some respects, like the reversal of a judgment, it did not prevent Walker township from commencing de novo : Walker Township v. West Buffalo, 11 Pa. 95.

By refusing to do so, the appellants practically said to the appellees : " You have the paupers anyhow ; either support them or find their settlement."

It became Monroe township's duty to provide for the paupers until they found in a legal manner their last place of settlement: Milton Overseers v. Williamsport Overseers, 9 Pa. 46 ; Overseers v. McCoy, 2 P. & W. 432 ; Taylor v. Shenango, 114 Pa. 394.

Opinion by Wickham, J., May 10, 1897 :

In March, 1894, one Frederick Strawser, with his wife and three children, was living in Monroe township, Juniata county. As to the place of his birth, and where he had resided before this time, we are left practically in the dark. On the 6th of November, 1894, through an order of relief, regularly issued by two justices of the peace, Strawser, together with his wife and children, became a charge on the poor district of Monroe township. On January 19, 1895, two justices of the peace of Monroe township granted an order for the removal of Strawser and

his family to Susquehanna township, which order was executed by the overseers of the former township, on the 30th day of the same month. An appeal was taken from this order of removal by the overseers of the poor district of Susquehanna township, and on March 12, 1895, the order was quashed, for the reason that the justices had no power to grant an order removing a pauper from their own township to another : Overseers of Washington v. Overseers of Beaver, 3 W. & S. 548. The two districts were thus left where they began : West Buffalo v. Walker Township, 8 Pa. 177 ; but, as Monroe township refused and neglected to take back the paupers, the overseers of Susquehanna township, after an order of relief had duly issued, on April 26, 1895, obtained an order for their removal to Monroe township, and executed it on or about May 4, 1895. From this order the overseers of the latter township appealed.

The court below properly confirmed the order of removal, on the grounds that there was no evidence that the paupers had a settlement of any kind in Susquehanna township, while it clearly appeared that they had a quasi settlement in Monroe. If we felt called upon to fully retry the case on the facts, we would be compelled to agree with the learned trial judge in all his findings ; nor do we discover any error in his conclusions of law.

We are asked, however, in case of affirmance of the decree, to modify it, by adding express words permitting a second removal of the paupers to Susquehanna, for the reason, alleged in the request, but denied by the appellees, that Strawser's derivative settlement is in Susquehanna. In other words, we are requested to formally announce, through our decree, that this litigation may be deemed only fairly begun at the point where a law suit usually ends. At the hearing in the court below, the appellants had the right to defend, on the ground that Strawser's settlement was in Susquehanna (Overseers of Reading v. Overseers of Cumree, 5 Binn. 81), and, if they had established that fact, their liability would have ended. It cannot be denied that they had ample time for preparation, as the opinion of the court was not filed, until nearly eight months after the taking of the appeal to the quarter sessions.

Whether such a defense can be saved to furnish the mainspring for another proceeding, which could have been so easily avoided, is doubtful. It is enough to hold, however, that, as

the decree is in proper form, and warranted by the law and the evidence, it needs no reformation.    As to its ulterior effect on future litigation we may say as was said regarding the same question in Moreland Township v. Davidson Township, 71 Pa. 371, "we will leave this until it occurs."

Decree affirmed and appellants directed to pay the costs.