# Nicholson Township Poor District *v.* Nicholson Borough Poor District, Appellant.

*Poor laws—Settlement—Quasi settlement—Appeals.*

The court of quarter sessions has power to remove a pauper from the place where there is no pretense of settlement to the place of quasi-settlement, which, as between two contending poor districts in such a situation, is liable for the support of such person.

Assignments of error in an appeal from an order of removal which do not follow the exceptions to the points of evidence or of law found by the court below, will not be considered by the appellate court.

Argued Feb. 25, 1907.    Appeal, No. 19, Jan. T., 1907, by defendant, from order of Q. S. Wyoming Co., directing removal of alleged pauper in case of Nicholson Township Poor District v. Nicholson Borough Poor District.    Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for order of removal.

The exceptions to the order were as follows :

And now, May 7, 1906, Nicholson borough poor district, defendant, by its counsel, respectfully excepts to the opinion of the court filed May 7, 1906, wherein the court holds that Mrs. Avery and her family were " designedly subjected to a course of treatment," while residing in the defendant poor district, which compelled them to seek a residence in another ·district, such finding not being warranted by the evidence in the case.

The said defendant poor district further excepts to that portion of said opinion wherein the court holds " that at the time Mrs. Avery and her children went into Nicholson township poor district, they had a quasi settlement in Nicholson borough poor district and were proper subjects for relief therein," there being no evidence in the case to sustain such finding. .

The said defendant poor district further except to that portion of the said opinion of May 7, 1906, wherein the court holds that it was a duty incumbent upon the overseers of Nicholson borough poor district, upon application to them made, to assist in finding a house for inhabitants of the dis-

trict, there being no such duty imposed by law on overseers of the poor.

And now, May 7, 1906, the defendant poor district respectfully except to the decree of the court entered May 7, 1906, directing the removal of Charles Avery, Lilian Avery and Howard Avery to Nicholson borough poor district, where they had no legal settlement, for the reason that the court was without jurisdiction to make such order or decree, and for the further reason that there was no evidence in the case to warrant the court in entering such a decree.

And now, May 8, 1906, upon application of the counsel for Nicholson borough poor district, the above exceptions are noted, and that their request a bill is sealed.

Errors assigned were in the following form :

1. The court erred in finding as a matter of law that Mrs. Avery was chargeable to Nicholson borough poor district at the time she moved out of it because she had once received relief therefrom and because she could not find a house in that district, said finding being as follows, to wit:

" It is argued by the borough district that this family did not require relief when they moved out of it, and consequently was not chargeable thereto.    But the facts are against this contention.   Mrs. Avery had applied for and received some aid for herself and children from the borough district, thereby fixing their status as fit subjects for relief, and that of the district as their quasi settlement.   If we concede that immediately prior to their removal to the township they were suitably supplied with provisions and other necessaries in their home— which is none too clear—it is apparent they were in urgent need of a house in which to live."

2. The court erred in finding as a matter of law that the Avery family were paupers at the time they left Nicholson borough poor district and that they were permitted to wander from the district, said finding being as follows, to wit:

" While the overseers of the borough did not leave this family in the township, as appeared in one of the cases above cited, or by artifice induce them to go there, as in another, their conduct is analogous to that of the poor-law officials who, in the case of Milton v. Williamsport, were held culpable for permitting a pauper to wander into another district."

3. The court erred in holding that Mrs. Avery and her family, at the time of their removal into the township, had a quasi settlement in Nicholson borough poor district and were subjected to such a course of treatment while in the borough as to compel them to seek a residence elsewhere, said finding being as follows, to wit:

" Whenever it become manifest that a poor person chargeable to one district has been designedly subject to a course of treatment which has compelled him to seek another, such procedure will be condemned and the offending district will be required to perform its statutory obligation. In our opinion such a case is presented here, and we therefore hold that at the time Mrs. Avery and her children went into Nicholson township poor district, where they had no legal settlement, they had a quasi settlement in Nicholson borough poor district, and were proper subjects for relief therein."

4. The court erred in granting an order of removal, and in entering the following decree in reference thereto, to wit:

" And now, May 7, 1906, in pursuance of the petition presented to the court by the overseers of the poor of Nicholson township poor district, and having determined the cause set forth in said petition upon its merits, as provided by law, it is now adjudged that the aforesaid Charles Avery, Lillian Avery and Howard Avery are poor and indigent persons who have lately come to inhabit and to be chargeable to said Nicholson township poor district; that their last legal settlement is unknown, but that they have quasi settlement in the poor district of Nicholson borough. Accordingly the overseers of the poor of said Nicholson township district are hereby authorized and required to remove and convey the said Charles Avery, Lillian Avery and Howard Avery from said Nicholson township district to the poor district of Nicholson borough and to deliver them, together with a duly certified copy of this order, to the overseers of said Nicholson borough district, who are hereby required to receive and care for said persons until they can be removed to the place of their settlement. It is also ordered that the costs of the proceedings, the expense of removing and the proper charges for the relief of said poor persons shall be paid to the petitioners by the overseers of Nicholson borough poor district, to be ascertained according to law.

*E. K. Little*, of *Little & Little*, cited : Taylor Overseers v. Shenango Overseers, 114 Pa. 394; Kelly Twp. v. Union Twp., 5 W. & S. 535; Braintrim Twp. Overseers v. Windham Twp. Overseers, 10 Pa. C. C. Rep. 250.

*James W. Piatt*, for appellee, cited on motion to quash : Parker Twp. Overseers v. East Franklin Twp. Overseers, 13 W. N. C. 141; Lower Augusta v. Selinsgrove, 64 Pa. 166; Cambria County v. Madison Twp., 138 Pa. 109; Elderton Boro. Overseers v. Plum Creek Twp. Overseers, 2 Pa. Superior Ct. 397; Liberty Twp. v. Castanea Twp., 4 Pa. Superior Ct. 411; Moreland Twp. v. Davidson Twp., 71 Pa. 371; Wayne Twp. v. Jersey Shore, 81* Pa. 264; Montoursville Overseers v. Fairfield Overseers, 112 Pa. 99; Taylor Overseers v. Shenango Overseers, 114 Pa. 394; Kittanning Twp. v. Madison Twp., 146 Pa. 108; Christy's Lunacy, 2 Pa. Superior Ct. 259; Edenburg Boro. School District v. Strattonville Boro. School District, 5 Pa. Superior Ct. 516; East Franklin Twp. Overseers v. Rayburn Twp. Overseers, 23 Pa. Superior Ct. 522; Laporte Boro. Overseers v. Hillsgrove Twp. Overseers, 95 Pa. 269; Warsaw Twp. Poor District v. Knox Twp. Poor District, 107 Pa. 301; Galeton Poor District v. Stewardson Poor District, 18 Pa. Superior Ct. 428.

OPINION BY BEAVER, J., April 15, 1907:

A motion is made to dismiss this appeal on the ground " that no exception was taken to any decision of the court, upon any point of evidence or of law which was noted by the court." No requests for specific findings of fact or law having been made, the court, instead of making these findings separately, wrote its opinion in narrative form.

The appellant endeavors, by its bill of exceptions, to bring upon the record certain findings of fact, to which it makes specific objection. The assignments of error, however, do not follow these exceptions, save as they relate to the acquisition of a quasi settlement by the paupers in Nicholson borough district and to the validity of the final decree.

The assignment, relating to the final decree, is not such an exception to a point of evidence or of law as has been recognized under the Act of March 16, 1868, P. L. 46, in Lower

Augusta v. Selinsgrove, 64 Pa. 166, and the almost innumerable cases which follow it, as a valid one.

We think, however, that the third assignment of error fairly raises the question which is covered by the bill of exceptions in its second paragraph. It may be argued, with much plausibility, that this bill of exceptions does not consist of exceptions to specific findings of law or fact. There is no difficulty, however, in reaching a conclusion as to the specific finding of the court on the question of the liability of the borough of Nicholson for the support of the paupers, because of the quasi settlement which had been acquired therein by residence of their mother at the time an order of relief was first necessarily procured. This is raised by the third assignment of error, which is :

" 3. The court erred in holding that Mrs. Avery and her family, at the time of their removal into the township, had a quasi settlement in Nicholson borough poor district, and were subjected to such a course of treatment while in the borough as to compel them to seek a residence elsewhere, said finding being as follows, to wit :

" ' Whenever it becomes manifest that a poor person chargeable to one district has been designedly subjected to a course of treatment which has compelled him to seek another, such procedure will be condemned, and the offending district will be required to perform its statutory obligation. In our opinion such a case is presented here, and we, therefore, hold that at the time Mrs. Avery and her children went into Nicholson township poor district, where they had no legal settlement, they had a quasi settlement in Nicholson borough poor district, and were proper subjects for relief therein.' "

.We are, therefore, disposed to consider this assignment as though based upon exceptions to specific points, both of evidence and of law.

That the court of quarter sessions has power to remove a pauper from the place where there is no pretense of settlement to the place of quasi settlement, which, as between two contending poor districts in such a situation, is liable for the support of such person, there can be little or no question. It seems scarcely necessary to cite authority for the correctness of the position of the court below upon this subject.

In the early case of Kelly Twp. v. Union Twp., 5 W. & S.

535, Mr. Chief Justice GIBSON says : " Notwithstanding the abandonment of the pauper, then, he remained chargeable, as before, to Kelly township, which was fixed by his application for relief, and must remain so until all things written in the statute be fulfilled. And all the things there written are just and wholesome ; for, if the burden of a pauper could be shaken off by an effort, such as made in this instance, the consequent temptation to acts of inhumanity would be too strong for resistance. The order to remove the pauper from Union township back to Kelly, as the place of his last settlement, was substantially right, for he had a quasi settlement in the latter while he remained chargeable to it, and we are not disposed to criticise the form of the order, the matter contained in it being entirely proper."

This case was in accord with the law, as then declared, and has been substantially followed in many subsequent cases : Milton Overseers v. Williamsport Overseers, 9 Pa. 46 ; Moreland Twp. v. Davidson Twp., 71 Pa. 371 ; Taylor Twp. v. Shenango Twp., 114 Pa. 394. See also Susquehanna Twp. Overseers v. Monroe Twp. Overseers, 4 Pa. Superior Ct. 589, in which our late Brother WICKHAM said :

" The court below properly confirmed the order of removal on the grounds that there was no evidence that the paupers had a settlement of any kind in Susquehanna township, while it clearly appeared that they had a quasi settlement in Monroe."

The court undoubtedly, therefore, had power to remove the paupers, whose mother first became a charge and secured relief in Nicholson borough, to that poor district, there being no allegation of any kind that they had a settlement in Nicholson township, the order of relief obtained by the mother in the borough, for anything which appears to the contrary, being in full force when she removed thereto. Whether or not the overseers of the poor intended to compel her removal to the township, or whether they acted inhumanly in allowing it, are matters of little moment. As a matter of fact, she went into Nicholson township, while obtaining relief or at least entitled to relief from Nicholson borough, sick and suffering, with the knowledge and consent, if not at the suggestion, of one of the overseers of the borough ; and, until her legal place of settle-

ment was determined, the poor district of the borough was liable for her support. The decree of the court was, therefore, fully justified.

Order affirmed and appeal dismissed at the costs of the appellant.