## Robins's Case.

*Poor laws—Insane poor—Liability of poor district—Settlemenь.*
An order imposing the cost of support of an indigent insane person in the State hospital for the insane on a particular poor district will be set aside where there is nothing in the proceedings to disclose that the insane person ever had a legal settlement in the poor district charged, or that she was actually in that district when her disability began, or that she was in the district when the proceedings were instituted, or that she was a poor person when she resided in the district sixteen years before the proceedings were instituted.

Argued Dec. 14, 1915.    Appeal, No. 361, Oct. T., 1915, by the Managers for the Relief and Employment of the Poor of Germantown Township, from order of Q. S. Philadelphia Co., Miscellaneous Docket for support in case of Maleen A. Robins, a lunatic.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Petition for order of support.
The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court, quoted in the opinion of the Superior Court.

*Paul Reilly,* for appellant, cited: Taylor Overseers v. Shenango Overseers, 114 Pa. 394.

*Henry K. Fries,* for Directors of the Poor and of the House of Employment for the Township of Oxford and Lower Dublin of Philadelphia County, cited: Milford Twp. Overseers v. McCoy, 2 P. & W. 432; Overseers of the Poor of Washington Twp. v. East Franklin Twp. Overseers, 3 Penny. 107; Penn Twp. Overseers v. Selinsgrove Overseers, 18 W. N. C. 142.

OPINION BY RICE, P. J., May 8, 1916:

These proceedings were begun by the petition of Marie L. Robins praying the court to make an order on the Germantown Poor Board of Philadelphia for the support of Maleen A. Robins, her daughter, at the State hospital for the insane at Norristown. The petition alleged that Maleen A. Robins was then, and had been for some time past, deprived of her reason; that "she is poor, without any means whatever, and has no relatives who are able to provide for her maintenance, except petitioner who will pay $1.75 per week for the support of her daughter at the hospital." As will be seen later, it is important to notice that this allegation as to her indigence refers to the present time, not to the time when she became insane or resided in Germantown. The proceedings on the petition were quite informal. The common practice of granting a rule to show cause was not followed, and no answer was filed. This informality, however, is not fatal to proceedings, for at the hearing upon the petition the petitioner, Oxford and Lower Dublin Poor District, and Germantown Poor District, were each represented by counsel, testimony was taken and it was agreed that the lunatic was within the limits of the Oxford and Lower Dublin district. At the conclusion of the hearing the court made an order that she be taken to the State hospital for the insane at Norristown, and be detained and supported there "at the expense of the Germantown Poor Board of Philadelphia so long as she continues of unsound mind, or until she is thence discharged by due process of law"; also, that the petitioner pay to the Germantown Poor Board $1.75 per week for the support of the lunatic in the hospital, until further ordered. The whole order is assigned for error on this appeal by the Germantown Poor Board, but the part with which the appellant is particularly concerned and which is complained of in the argument is that which we have quoted. Does the record show that the Germantown Poor Board is chargeable?

The Act of June 22, 1897, P. L. 177, Sec. 1, provides that in all cases of commitment of indigent persons to any of the State hospitals for the insane, it shall be the duty of the court "in making such commitment to determine the legal residence of such indigent person," whether such settlement be within the Commonwealth or in any other state or county. The order under review does not affirmatively and expressly show a determination of this important fact. But assuming that it implies a finding by the court of the facts alleged in the petition, the question arises whether under those facts the Germantown Poor District is chargeable. In addition to the facts already alluded to, particular attention should be called to the allegation of the petition as to residence. It reads as follows: "She resided at 148 Apsley street, Germantown, Philadelphia, for upwards of two years and while living there lost her mind and was taken to a private asylum in Connecticut for treatment where she remained several years and was finally brought back to the Friends Asylum" (this being in Oxford and Lower Dublin Poor District) "about three years ago where she has remained ever since." It will be observed that the petition does not allege that her legal settlement ever was in the Germantown district; nor does it allege the facts which under the statute in force at the time she resided in Germantown, warrant the conclusion that she had gained such settlement in that district. See Overseers of Taylor v. Overseers of Shenango, 114 Pa. 394. It is argued that, even though she never gained a legal settlement in Germantown Poor District, that district is chargeable under Section 5 of the Act of June 18, 1836, P. L. 541, which reads as follows: "It shall also be the duty of the overseers of every district to furnish relief to every poor person within the district, not having a settlement therein, who shall apply to them for a relief, until such person can be removed to the place of his settlement." The answer to this contention is (1) the lunatic was not within the Germantown district at

the time the proceeding was instituted, and (2) it is not alleged in the petition that when she resided there, fifteen or sixteen years before, she was a "poor person" within the meaning of the poor laws. The case of Overseers of Taylor v. Overseers of. Shenango, supra, is directly in point. There the pauper boarded and lodged, at the time he was injured and became a fit subject for relief under the poor laws, in Shenango Township, but received the injury that disabled him in Taylor Township. He had no legal settlement in either township. It was held upon consideration of Section 5 of the Act of 1836, that the latter poor district was chargeable. Speaking of that section the court said : "If such poor person has no legal settlement in the Commonwealth, he cannot of course be removed, and it necessarily follows that the overseers of the district in which he first became helpless and a fit subject of relief must provide that relief, until the necessity therefor ceases; in other words, the duty to extend relief is immediately cast upon the district where the pauper is when the necessity arises, and that necessity cannot be avoided by carrying a sick and disabled pauper out of the district." In order to bring the case within the section as thus construed, it was not sufficient to allege that Maleen A. Robins became insane while she resided in the Germantown district; this was not tantamount to saying that she was then a "poor person" within the restrictive and technical sense of the terms as used in our poor laws.

It results from the foregoing that, whether the final order be viewed by itself or in connection with the allegations of the petition, assuming them to be true, the record fails to show expressly or by necessary implication that the Germantown Poor District is chargeable; therefore the order as a whole cannot be sustained. We have alluded to the fact that no complaint is made of the commitment; therefore the order that is about to be made will not stand in the way of any appropriate proceedings instituted by any party entitled to institute

them for the ascertainment of the proper poor district chargeable with the support and maintenance of Maleen A. Robins while she is confined in the hospital for the insane. See Clearfield Co. v. Cameron Township Poor District, 135 Pa. 86; Montour Co. v. Danville & Mahoning Poor District, 50 Pa. Superior Ct. 267, at p. 274.

The order, so far as it directs that Maleen A. Robins be supported at the expense of the Germantown Poor Board and that Marie L. Robins pay the said board the sum of $1.75 per week, is reversed and set aside, without prejudice, however, to the right of any party entitled to institute them to institute appropriate proceedings for the ascertainment of the proper poor district chargeable with the support and maintenance of the said Maleen A. Robins.